### In re Maynard G. JOHNSON, Debtor.

### Bankruptcy No. 81–03935A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 30, 1982.

**179**

John G. McCullough, Wilkinson & McCullough, Atlanta, Ga., for GMAC.

Paul C. Parker, Decatur, Ga., for debtor.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

On September 22, 1981, the debtor filed his voluntary petition under Chapter 13 of Title 11 of the United States Code. On May 4, 1982, the debtor filed a modification to his Chapter 13 plan wherein the debtor proposed, *inter alia,* to surrender a certain vehicle to General Motors Acceptance Corporation ("GMAC"), have the balance owed GMAC on its claim be allowed as unsecured, and change the payment provided to unsecured creditors from 100% of the allowed amount of their claim to 1% of the allowed amount of their claim. On May 11, 1982, GMAC filed its objection to the modification of the debtor's plan. After notice, a hearing was held on June 8, 1982 at which time the Court heard evidence and argument of counsel.

GMAC showed at the June 8, 1982 hearing that the debtor's plan, as originally confirmed, allowed GMAC's claim as fully secured in the amount of $5,687.27. After disposition of the debtor's vehicle, in accordance with the Uniform Commercial Code of Georgia, for $1,956.24, a balance remained on GMAC's claim in the amount of $1,685.89. The question before the Court is whether this claim may be treated as unsecured as proposed in the debtor's modification.

11 U.S.C. § 1325 provides in relevant part:

"(a) The court should confirm a plan if—

(5) with respect to each allowed secured claim provided for by the plan—

(b)(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;"

11 U.S.C. § 1329(b)(2) provides that:

"(2) the plan as modified becomes the plan unless after notice and a hearing such mofidication is disapproved."

In reading these two Code sections together, the value of the claim is the value as of the effective date of the plan, September 22, 1981, because the plan as modified becomes the plan. Thus, as the plan was confirmed with a secured claim by GMAC of $5,687.27, the modified plan should allow GMAC's claim to be secured in the amount of its current balance, $1,685.89. Therefore, for the above-stated reasons, GMAC's objection to the modification of the debtor's plan is sustained.

IT IS SO ORDERED.