**In the Matter of James A. ABERCROMBIE, Debtor.**

**Bankruptcy No. 83–00782A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 18, 1984.

John W. Mrosek, Clark & Smith, Atlanta, Ga., for debtor.

John G. McCullough, Wilkinson & McCullough, Atlanta, Ga., for G.M.A.C.

### ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The above and foregoing matter came on before this court for hearing on March 1, 1984, on the debtor's objection to the proof of claim of General Motors Acceptance Corporation (GMAC) and the debtor's motion to modify his Chapter 13 plan. Present at the hearing were counsel for the debtor and GMAC.

The facts relative to the matters pending before the court are as follows:

On February 22, 1983, the debtor filed his petition under Chapter 13 of the Bankruptcy Code. A short time before filing the petition, GMAC had repossessed the debtor's 1981 Chevrolet pickup truck on the grounds that the debtor had failed to make the contract payments on time. After filing his petition, the debtor filed a motion seeking a turnover of the vehicle, in response to which GMAC filed a complaint for relief from the stay requesting that it be allowed to dispose of its collateral. GMAC also filed an objection to confirmation of the proposed plan. The Chapter 13 plan as proposed provided for payments to the trustee of $675.00 per month and that all creditors, secured and unsecured, be paid in full.

On May 23, 1984, this court held a short hearing on the debtor's turnover motion and GMAC's complaint for relief from the stay. It deferred ruling on those matters until June 16, 1983, that being the scheduled confirmation hearing, subject to the debtor making a plan payment to the trustee which was in default. At the hearing held on June 16, 1983, this court heard evidence from the debtor and GMAC on confirmation of the plan and the issues involved in other proceedings. After con-

sideration of the issues, the court found that GMAC's secured claim in the full amount of the debt would be adequately protected by the value of the collateral and the proposed plan to be confirmed that day, granted the debtor's request for a turnover and denied relief from the stay, subject to the debtor paying to the trustee the additional sum of $2,000.00, the amount of arrearage. The debtor made the $2,000.00 payment to the trustee, the plan was confirmed, and GMAC's collateral was turned over to the debtor.

Thereafter, the debtor again defaulted in plan payments. GMAC sought a further hearing on its complaint for relief from the stay. A hearing was held on January 24, 1984, at which the court found that the debtor was approximately $3,500.00 in arrears on plan payments. The court expressly found that good cause, including a lack of adequate protection, existed for granting relief from the stay to GMAC. The stay was lifted and GMAC took possession of its collateral and is now in the process of liquidating it.

The issue concerning the debtor's objection to GMAC's proof of claim which was allowed as fully secured and his proposed modification of the confirmed plan centers on whether the debtor can now, post-confirmation, change the status of an allowed secured claim to an unsecured claim. Debtor shows and GMAC agrees that when the vehicle is sold by GMAC as is planned, the sales proceeds will be less than the debt, i.e., the allowed secured claim. GMAC argues that the value of the vehicle will not be known until that sale occurs, and, in any event, the allowed claim as fully secured and the confirmation of the plan forbids a reduction and reclassification of the secured claim. The debtor argues that the appraised value or sales proceeds from the sale of the truck should become the secured claim and the deficiency in the sales proceeds to the debt should be transformed to an unsecured claim.

The interrelationship of §§ 1325(a)(5) and 1327 of the Code compels this court to deny the debtor's objection to the secured claim and the proposed modification of the plan. Under § 1325(a)(5), the debtor's proposed Chapter 13 plan must either provide that the secured creditor retain its lien and be paid the value of its claim over the life of the plan or, in the alternative, surrender the secured property. In this case, the debtor could have allowed GMAC to retain the security and surrender his interest in the vehicle to GMAC at or prior to confirmation of the plan, thereby rendering any deficiency balance due after disposition of the collateral an unsecured claim. Instead, in the instant circumstances, the debtor elected to propose as a part of his Chapter 13 plan that he regain possession of the vehicle from GMAC, that, pursuant to § 1325(a)(5), GMAC retain its lien, and that GMAC be paid its value in the form of monthly payments over the life of the Chapter 13 plan. The claim was allowed as fully secured and the plan confirmed as proposed by debtor. The debtor could have obtained the result sought now in this proceeding had the debtor allowed GMAC to retain the vehicle prior to confirmation and thereby reduce the claim of GMAC. Under § 1327, the debtor and creditor are bound by the provisions of the confirmed Chapter 13 plan, e.g., "[t]he Order of confirmation is thus res judicata as to all 'justiciable issues decided or which could have been decided at the hearing on confirmation'." In re Flick, 14 B.R. 912, 9918 (Bkrtcy.E.D. Pa., 1981) quoting In re Lewis, 8 B.R. 132 (Bkrtcy.D.Idaho, 1981).

Section 1329 permits the debtor under certain circumstances to modify the plan after confirmation as the debtor is attempting to do in this case via the instant proceeding. Section 1329, however, does not provide the debtor with a means to reclassify a previously allowed secured claim as unsecured after the plan has been confirmed. To do so would be to circumvent the principles of res judicata which bind the debtor and creditor noted above. Flick and Lewis, supra. Here, GMAC's claim filed in the sum of $10,090.27 was allowed at confirmation as fully secured by collateral having the value of the claim at the effective date of the plan. That claim once

allowed and the plan confirmed remains as a fully secured claim, albeit it will be reduced by whatever amount GMAC might receive from liquidation of its collateral. It is incumbent upon GMAC to amend its claim accordingly after the vehicle has been properly sold.

The trustee shall continue to pay as provided in the plan GMAC's claim as secured in that reduced amount. The debtor's motion to modify the confirmed plan 'by changing the status of GMAC's secured claim be and hereby is denied.