**In re Donald E. STONE, Marjoray H. Stone, Debtors.**

**Bankruptcy No. B84–01044–Y.**

United States Bankruptcy Court, N.D. Ohio.

July 21, 1988.

Jacob M. Abramovitz, Youngstown, Ohio, for debtors.

Mary Beth Houser, Youngstown, Ohio, for GMAC.

Michael A. Gallo, Youngstown, Ohio, trustee.

424

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

On October 22, 1984, the Debtors filed their Petition for Relief under Chapter 13 of Title 11 of the United States Code. On November 28, 1984, GENERAL MOTORS ACCEPTANCE CORPORATION ("GMAC") filed a Proof of Claim in the amount of Five Thousand, One Hundred Thirteen & 74/100 Dollars ($5,113.74), which amount was fully secured by a lien on a 1980 Buick LeSabre. On the same date, the Debtors filed an Amended Plan which was subsequently confirmed on December 11, 1984.

In September 1985, as a result of medical exigencies, the Debtors found it necessary to modify their Plan in order to reduce their monthly payments and extend the term of the Plan. On October 18, 1985, the modified Plan was confirmed by this Court and GMAC subsequently filed a supplemental claim for additional interest in the amount of Three Hundred Sixty–Five & 37/100 Dollars ($365.37).

In July 1987, Mrs. Stone died. The surviving debtor, Mr. Stone, moved to amend the Plan in order to provide for reduced payments and abandonment of the vehicle upon which GMAC held its lien, which the Court approved on August 25, 1987. The Debtor evidently abandoned the vehicle in August, 1987, but failed to notify GMAC of its abandonment. It was not until February 1988 that the vehicle was sold at public auction. GMAC ultimately realized Seven Hundred Seventy–Eight & 50/100 Dollars ($778.50) from the sale of the vehicle, which leaves an as-yet undetermined deficiency owing to GMAC from the Debtor. GMAC now asserts that the deficiency amount ought to be paid as a secured claim, even though the collateral supporting GMAC's lien position has been liquidated. The Trustee contends that such treatment would be improper. A hearing was held on June 30, 1988.

■ The Court begins with the premise that a secured claim by definition requires collateral to secure the creditor's right to payment. *In re Byrd*, 92 B.R. 238, 239 (Bankr.N.D.Ohio 1988). As one court wrote:

> A claim paid the amount it would receive if secured, but without access to underlying collateral, would simply be an unsecured claim paid on a priority basis outside the statutory priority scheme. By definition, 'secured claim' requires availability of collateral to secure the creditor's right to payment. 'The obvious fallacy of creditor's position is that it is not able in any way to look to the collateral assigned to it for repayment of its debt irrespective of any position taken by the debtor.' [citations omitted].

*In re Elliott*, 64 B.R. 429, 430 (Bankr.W.D. Mo.1986).

GMAC argues that confirmation of the Plan prohibits reclassification of a secured party's claim pursuant to 11 U.S.C. Sec. 1327(a). Indeed, GMAC's position appears to have been accepted by the courts in *In re Abercrombie*, 39 B.R. 178 (Bankr.N.D. Ga.1984) and *In re Johnson*, 25 B.R. 178 (Bankr.N.D.Ga.1982). For the following reasons, however, this Court declines to follow the *Abercrombie* and *Johnson* decisions.

■ 11 U.S.C. Sec. 1327(a) provides:

a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

It is upon this Section that GMAC bases its argument that "confirmation of the Plan forbids a reduction and reclassification of a secured claim." *In re Abercrombie*, 39 B.R. at 179. However, 11 U.S.C. Sec. 1329 provides, in part:

(a) At any time after confirmation of the plan ..., the plan may be modified, upon request of the debtor, ... to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the Plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this Title and the requirements of Sec. 1325(a) of this Title apply to any modification under subsection (a) of this Section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

Initially, it should be noted that a confirmed Plan does not unalterably and permanently define the rights and obligations of the parties involved. Section 1329(b)(2) provides that an approved, modified Plan automatically displaces the previously confirmed Plan. The provisions of Sec. 1327(a) must be construed in light of the rights to modification contained in Sec. 1329. Furthermore, Sec. 1329(a)(3) permits a debtor to request modification of a Plan in order to "alter the amount of the distribution to a creditor...." The amount of distribution to a creditor can be altered not only by reducing the amount paid to a creditor due to payments received from outside the Plan, but also by reclassifying a previously secured claim as an unsecured claim. The right to post-confirmation alteration of the rights of secured claimants is recognized in 5 *Collier on Bankruptcy*, Sec. 1329.01 (rev. 15th ed. 1988):

> Of course, a post-confirmation modification which changes the rights of a holder of an allowed secured claim provided for by the modified plan must either be accepted by the holder, relinquish the collateral to the holder, or contain a cram down provision meeting the requirements of section 1325(a)(5)(B). ·

*Id.* at 1329-7. In the present case, the Debtor surrendered the collateral to GMAC. Thus, this Court finds that a debtor is expressly authorized under Section 1329(a)(3) to reclassify a secured claim as unsecured when the creditor has liquidated its collateral but still claims a deficiency to be due from the debtor.

This conclusion is supported by other factors as well. Section 1329(b)(1) provides that a debtor's proposed modification must meet the same requirements for confirmation as an original Plan. Thus, we are persuaded that a hearing on a modification request is a new confirmation hearing which vacates the previous Order of Confirmation upon approval of the modification request. Furthermore, the Trustee points out that such a claim would be unsecured if the Debtor exercised its qualified right to dismiss the case and then refile a second Chapter 13 case. The Court sees no reason why a different result should follow when the debtor elects to modify a pending case rather than achieve the same result through dismissal and refiling.

Accordingly, GMAC's claim for deficiency against the Debtor shall be deemed to be an unsecured claim. GMAC also requested, in the event that the Court ruled as it has, that the Debtor be required to pay those payments on the creditor's claim which accrued prior to the creditor receiving its collateral. Apparently, the debtor failed to advise GMAC of its abandonment of the vehicle. As a result, GMAC was prejudiced by suffering further depreciation of its collateral and losing the time value of money which it would have received on an earlier auction of the Debtor's collateral. Therefore, GMAC shall be allowed an additional unsecured claim for payments due the movant which accrued prior to GMAC's recovery of the collateral.

This Memorandum Opinion shall constitute the Court's findings of facts and conclusions of law pursuant to Bankruptcy Rule 7052.

An appropriate Order will be entered.

### ORDER

This matter comes before the Court on the Motion by GENERAL MOTORS ACCEPTANCE CORPORATION ("GMAC") in which it seeks an Order of the Court finding that the deficiency amount owing to GMAC from the Debtor ought to be paid as a secured claim, even though the collateral supporting GMAC's lien position has been liquidated. In the alternative, GMAC re-

quests that the Debtor be required to pay those payments on its claim which accrued prior to the creditor receiving its collateral. For the reasons set forth in the accompanying Memorandum Opinion, GMAC's Motion is hereby overruled in part and sustained in part. GMAC's request that its claim for a deficiency be recognized as a secured claim is hereby overruled. However, GMAC's Motion shall be sustained to the extent that it requests recognition of a claim for payments due to the Movant which accrued prior to GMAC's recovery of the Debtor's collateral.

IT IS SO ORDERED.