In re Carey R. SHARPE, Sr. and Nancy Jo Sharpe, Debtors.

Carey R. SHARPE, Sr. and Nancy Jo Sharpe, Appellees,

v.

**FORD MOTOR CREDIT COMPANY, Appellant.**

Bankruptcy No. 3–89–03863. Civ. No. 3–90–665.

United States District Court, E.D. Tennessee, N.D.

Jan. 2, 1991.

Richard Mayer, Knoxville, Tenn., for plaintiff.

Steven Lipsey, Mary Margaret Testerman, Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

JARVIS, District Judge.

This is an action to review a decision of the Bankruptcy Court permitting the debtors/appellees, Carey R. Sharpe, Sr. and Nancy Jo Sharpe, to modify their Chapter 13 confirmed plan. Because I conclude that the Bankruptcy Court's decision to permit the modification is contrary to law, that decision will be reversed.

On December 20, 1989, debtors Carey R. Sharpe, Sr. and Nancy Jo Sharpe filed a Chapter 13 Bankruptcy Petition and Plan in the United States Bankruptcy Court for the Eastern District of Tennessee. Ford Motor Credit Company (FMCC) filed a proof of claim in the proceeding in the amount of $3,790.95. FMCC's claim is secured by a 1968 Chevrolet Spectrum. The debtors' plan designated five separate classes including the following one denominated as Class C: "The Holders of the Following Secured Claims:" FMCC's claim was listed along with two other secured creditors' claims in Class C. FMCC filed no objection to its treatment under this Plan and the Plan was confirmed by court order on February 27, 1990. In essence, the Plan provided that FMCC's claim would be treated as secured in the amount of $2,500.00 with 11% interest in accordance with the provisions of Class C of the Plan. Ford's balance of $1,290.95 was to be paid as an unsecured claim in accordance with the provisions of Class E of the Plan.

On March 15, 1990, the debtors filed a motion to modify the Chapter 13 Plan. The basis for the modification was that the 1986 Chevrolet Spectrum securing the obligation to FMCC had "blown an engine". The debtors moved to modify their Plan to surrender the automobile to FMCC so that FMCC could amend its claim to be paid as an unsecured creditor through the Plan. FMCC objected to the proposed modification, and on May 1, 1990, a hearing was held in the Bankruptcy Court regarding the proposed modification. After a hearing on May 1, 1990, the Bankruptcy Court held that the debtors could modify their confirmed Chapter 13 Plan to surrender the security to FMCC and to reclassify FMCC's claim from the secured class of creditors to the unsecured class of creditors. The Bankruptcy Court entered its judgment on May 22, 1990, and this appeal followed.

The Bankruptcy Court permitted the modification under 11 U.S.C. § 1329, which provides in relevant part as follows:

> **Section 1329. Modification of Plan After Confirmation.** (a) At any time after confirmation of the Plan but before the completion of payments under such Plan, the Plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—(1) increase or reduce the amount of payments on claims of a particular class provided by the Plan; (2) extend or re-

duce the time for such payment; or (3) alter the amount of the distribution to a creditor whose claim is provided by the Plan to the extent necessary to take account of any payment of such claim other than under the Plan.

FMCC contends that the debtor is not trying to increase or reduce the amount of payments on the "claims of a particular class". Rather, appellants argue that the debtors are attempting to reclassify FMCC from a secured to an unsecured creditor, and that such individualized treatment is not permitted by the statute.

The court has reviewed the statutory language and relevant authority and is in agreement with the appellant. The language of § 1329(a)(1) is clear and unambiguous. A confirmed plan may be modified to "increase or reduce the amount of payments on claims of a particular class provided for by the Plan." The statute does not permit individualized treatment of class members or the reclassification of a single creditor from a secured to an unsecured status.

Appellees argue that each secured claim is of a "different" class since they each involve different interest rates and different amounts of monthly payments. The court finds this argument implausible since the same argument could be made for virtually all creditors. The plain language of the statute deals with modifications in the treatment of classes, not individual creditors. *Accord In re Taylor*, 99 B.R. 902 (Bkrtcy.C.D.Ill.1989).

Accordingly, the Bankruptcy Court erred in permitting the debtors to modify their Chapter 13 Plan to convert FMCC's claim to an unsecured classification. Therefore, the order of the Bankruptcy Court permitting that conversion is hereby REVERSED and this action REMANDED for an order maintaining FMCC's claim as secured.

Order accordingly.