**In re Roy Junior HOLT and Sandra Louise Holt, Debtors.**

**Bankruptcy No. 90–01450–13.**

United States Bankruptcy Court, D. Idaho.

Jan. 14, 1992.

Lance D. Churchill, Churchill & Vander Boegh, Boise, Idaho, for debtors.

Michael L. Schindele, Boise, Idaho, for Chrysler Credit Corp.

Barry Zimmerman, Trustee.

### MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The debtors move to modify their confirmed chapter 13 plan to provide for the return of a vehicle to the creditor holding a security interest in the vehicle. The creditor, Chrysler Credit Corporation resists the motion, and the return of the property, contending such a modification is not allowed under 11 U.S.C. § 1329.[1]

There are two recorded decisions on the issue. In a Bankruptcy Court decision[2] the court allowed a modification to return a vehicle to the secured creditor after confirmation of the chapter 13 plan on the theory the modification would "... increase or reduce the amount of payments on claims of a particular class provided for by the plan" as allowed in Section 1329(a)(1), since each secured creditor in the chapter 13 plan constituted a separate class.

This concept was rejected by a District Court in a later decision.[3] The District Judge held the proposed modification was not authorized under Section 1329. He further held "... the plain language of the statute deals with modification in the treatment of classes, not individual creditors", citing *In re Taylor*, 99 B.R. 902 (Bankr. C.D.Ill.1989).

I conclude the return of the vehicle is not an allowed modification under Section 1329 under the theory of the *Sharpe* case. Further, it does not appear to be fair and equitable to allow a debtor the continued

---

1. 11 U.S.C. § 1329(a) states:
   (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

2. *In re Jock,* 95 B.R. 75 (Bankr.M.D.Tenn.1989).

3. *In re Sharpe,* 122 B.R. 708 (D.C.E.D.Tenn. 1991).

ability to elect to retain or return secured property during the full term of the plan.

It is doubtful Congress intended to afford the debtor the options available under 11 U.S.C. § 1325(a)(5)(B) and (C) throughout the life of the plan. 11 U.S.C. § 1329(a)(1) ought to be limited to adjustments in amounts of payments under the plan as opposed to material changes in the treatment of secured creditors.

The motion to modify will be denied by separate order.