**In re Samuel Lewis ANDERSON and Verneasie Elaine Anderson, Debtors.**

**Bankruptcy No. 392–03905.**

United States Bankruptcy Court, M.D. Tennessee.

April 13, 1993.

Christine E. Zellar, Kennedy Zeller and Associates, Clarksville, TN, for debtors.

Sue Hynds Dunning, Beaty & Oldham, Gallatin, TN, for movant.

### ORDER GRANTING DEBTORS' MOTION TO AMEND

GEORGE C. PAINE, II, Chief Judge.

Before the Court is the Debtors' motion to amend their plan and the objection of The Farmer's Bank of Springfield to that motion. This Court held a hearing on October 26, 1992.

The Debtors filed their Chapter 13 case on April 30, 1992. The Bank filed a motion for relief from the automatic stay on May 22, 1992 to enforce their lien against the Debtors' automobile. The Debtors' plan, confirmed on June 2, 1992, provided the Bank with a secured claim of $6,000 and unsecured creditors with a 20% dividend. On June 19, 1992, the Bank obtained relief from the stay for lack of proof of insurance. According to the statements of counsel at the hearing, the Bank has repossessed and sold the automobile.

On October 1, 1992, the Debtors filed their motion to modify their plan. The substance of this motion is that the Bank no longer has a secured claim. On October 5, 1992, the Bank objected to the Debtors' motion.

■ At the center of this dispute is the language of § 1329 of the Bankruptcy Code. This section provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) Increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) Extend or reduce the time for such payments; or

(3) Alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes a plan unless, after notice and a hearing, such modification is disapproved.

11 U.S.C. §§ 1329(a), (b) (Clark Boardman Callaghan 1991).

In its brief, the Bank makes two arguments. First, it relies on *Sharpe v. Ford Motor Credit Co.,* 122 B.R. 708 (E.D.Tenn. 1991). The *Sharpe* court held that modification of the debtors' plan was inappropriate because § 1329(a)(1) did "not permit individualized treatment of class members or the reclassification of a single creditor from a secured to an unsecured status." *Sharpe,* 122 B.R. at 710.

In response, the Debtors cite *In re Jock,* 95 B.R. 75 (Bankr.E.D.Tenn.1989). "It has long been recognized in this district that each secured claim is separately classified in a Chapter 13 case." *Jock,* 95 B.R. at 76 (citing *In re Wittenmeier,* 4 B.R. 86 (Bankr.M.D.Tenn.1980)). Therefore, in this district, modification of a secured claim in a Chapter 13 case complies with § 1329(a)(1) because each secured claim consists of its own "particular class."

The *Jock* court also noted that the incorporation of the confirmation standards of §§ 1322(a), 1322(b) and 1325(a) into § 1329(b)(1) "empower this Chapter 13 debtor to modify the confirmed plan to surrender the car in satisfaction of [the creditor's] secured claim." *Jock,* 95 B.R. at 77. Therefore, the Bankruptcy Code clearly permits the Debtors to "reclassify" the Bank's claim as unsecured when the Bank has obtained possession of its collateral.

Although the *Jock* decision has been criticized, *see In re Taylor,* 99 B.R. 902, 904–05 (Bankr.C.D.Ill.1989); *In re Holt,* 136 B.R. 260, 260 (Bankr.D.Idaho 1992), *Jock* remains the law in this district. In addition, the facts in this case are distinct from those presented in any of the cases mentioned previously. In the other cases, the debtors attempted to force a change of circumstance upon the creditor after confirmation, whereas in this case, the Bank has taken affirmative action in repossessing and selling its collateral. Here, the Bank was well within its rights to pursue relief from the automatic stay, but this Court fails to understand how the Bank can maintain that the Debtors should continue to make payments on the Bank's secured claim when the Bank has actively repossessed the collateral that provides the basis for its secured claim.

Based on the facts of this particular case, this Court finds that the Debtors may modify their plan to reflect the satisfaction of the Bank's secured claim by its repossession of the Debtors' automobile.

■ In its second argument, the Bank contends that the Debtors' motion to modify their plan should be denied because modification reduces the weekly payment to the Trustee without a showing of a change in circumstances. The Bank argues that the modification violates § 1325(b)(1)(B). According to § 1329(b)(1), however, compliance with § 1325(b) is not required for post-confirmation modification of a Chapter

13 plan. 11 U.S.C. § 1329(b)(1) ("[T]he requirements of section 1325(a) of this title apply to any modification...."); *In re Moss*, 91 B.R. 563, 566 (Bankr.C.D.Cal. 1988).

Based on the foregoing, the Debtors' motion to amend their Chapter 13 plan is GRANTED.

IT IS SO ORDERED.