**In re Jacqueline BANKS.**

**Bankruptcy No. 9207534 SEG.**

United States Bankruptcy Court,
S.D. Mississippi, S.D.

Nov. 19, 1993.

Nicholas Van Wiser, Byrd and Wiser, Biloxi, MS, for plaintiffs.

David L. Lord, Lord and Associates, Biloxi, MS, for defendant.

*OPINION*

EDWARD R. GAINES, Bankruptcy Judge.

Before the Court is the Debtor's Motion for Modification of Plan and Mercury Finance Company's objection thereto. Having considered the pleadings, memoranda, testimony of the debtor and arguments presented by counsel, the Court concludes that the motion should be denied.

## I. FACTS

1. Jacqueline Banks filed a petition for relief under Chapter 13 of Title 11 of the United States Code, scheduling Mercury Finance Company as a creditor secured by a 1985 Ford Escort Station Wagon.

2. The debtor's Chapter 13 plan was confirmed by this Court on June 1, 1992. The plan provided that Mercury was to receive the value of its collateral, stated in the plan as $1,125.00, plus the contract rate of interest through the debtor's Chapter 13 plan payments. Unsecured creditors were to receive 10% under the plan.

3. After confirmation, the engine in the vehicle began to emit excessive smoke through its exhaust system. Repairs to correct the problem are estimated at $1,500.00. In March of 1993 the debtor filed a motion for modification of her plan proposing that Mercury's collateral be abandoned. The debtor has already financed another vehicle of similar vintage and intends to use the funds generated by the proposed modification to pay the new car notes.[1] The debtor seeks to have Mercury sell its collateral, apply the proceeds to the secured portion of its claim, and treat any deficiency in the secured claim as unsecured.

4. Mercury filed an objection to the proposed modification asserting that it violates 11 U.S.C. § 1327 which provides that the confirmed plan shall bind the creditor and the debtor. Mercury wants the proceeds from the sale of the vehicle to be applied to the secured portion of its total claim and not have any deficiency in the secured portion converted to unsecured status.

---

1. Information provided by debtor's counsel subsequent to the hearing indicated that the debtor purchased the car for $2818.48 at an interest rate of 28.75% to be paid in 40 payments.

## II. CONCLUSIONS

The matter before the Court is a core proceeding under 28 U.S.C. § 157. The Court has jurisdiction pursuant to 28 U.S.C. § 1334.

Section 1329 of Title 11 of the United States Code provides the following:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

11 U.S.C. § 1329(a)–(b).

Section 1327(a) of the Code provides that:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a).

The issue presented to the Court is whether the chapter 13 debtor may modify her confirmed plan to surrender collateral that has diminished in value to the secured creditor and to treat any deficiency after liquidation as an unsecured claim. Courts that have dealt with similar issues have reached differing conclusions in their analyses of allowable modifications under § 1329(a).

In *In re Jock*, 95 B.R. 75 (Bankr. M.D.Tenn.1989), the Court held that the debtor could modify a confirmed plan to surrender a car to a secured claim holder and pay any deficiency as an unsecured claim. That Court stated the following:

This Chapter 13 debtor could have satisfied the secured claim of Boatmen's by surrendering the car to the bank at confirmation of the original plan ... The incorporation of §§ 1322(b)(8) and 1325(a)(5)(C) into the standards for post-confirmation modification in § 1329 empower this Chapter 13 debtor to modify the confirmed plan to surrender the car in satisfaction of Boatmen's secured claim.

Boatmen's argues that 11 U.S.C.S. § 1327 (1987) prohibits the debtor to modify its treatment after the original confirmation order became final. There is some case support for this view. *See In re Abercrombie*, 39 B.R. 178 (Bankr.N.D.Ga. 1984); *Kitchen v. Malmstrom Federal Credit Union (In re Kitchen)*, 64 B.R. 452 (Bankr.D.Mont.1986). *See also In re Johnson*, 25 B.R. 178 (Bankr.N.D.Ga.1982). The cases cited by the bank prohibit postconfirmation modifications based on the "res judicata" or binding effect of a confirmed Chapter 13 plan under § 1327(a).

Section 1327(a) is not a limit on permitted modification of a confirmed Chapter 13 plan; rather, it is a statutory description of the effect of a confirmed plan or of a confirmed modified plan.

95 B.R. at 77. *See also, In re Anderson*, 153 B.R. 527 (Bankr.M.D.Tenn.1993) (noting that *Jock* has been criticized but stating that it remains the law in that district); *In re Rimmer*, 143 B.R. 871 (Bankr.W.D.Tenn.1992); *In re Williams*, 108 B.R. 119 (Bankr. N.D.Miss.1989); *In re Stone*, 91 B.R. 423 (Bankr.N.D.Ohio 1988).

Other courts have placed limitations on postconfirmation modifications. The Court in *In re Algee*, 142 B.R. 576 (Bankr.D.C.1992) made the following observations:

Without the doctrine of *res judicata* as a brake on § 1329, 11 U.S.C. § 1327(a) would be rendered meaningless, with any confirmation issue subject to being revisited at whim. Thus, despite the seemingly

unqualified language of 11 U.S.C. § 1329, courts have held that modification is not warranted unless there has been an unanticipated substantial change in circumstances, a test applied on an objective basis. *In re Arnold,* 869 F.2d 240, 243 (4th Cir.1989).

142 B.R. at 580.[2] *See, In re Abercrombie,* 39 B.R. 178 (Bankr.N.D.Ga.1984); *In re Kitchen,* 64 B.R. 452 (Bankr.D.Mont.1986); *In re Johnson,* 25 B.R. 178 (Bankr.N.D.Ga.1982). *See also, In re Howard,* 972 F.2d 639 (5th Cir.1992) (indicating res judicata effect of § 1327(a)). *See generally,* Harry L. Deffebach, Postconfirmation Modification of Chapter 13 Plans: A Sheep in Wolf's Clothing, 9 Bankr.Dev.J. 153 (1992). The Court in *Algee* further stated the following:

> More liberal applications of *res judicata* principles or abandonment of those principles occurred in [*In re* ] *Frost,* 96 B.R. 804 [ (Bankr.S.D.Ohio 1989).]; *In re Jock,* 95 B.R. 75 (Bankr.M.D.Tenn.1989); *In re Stone,* 91 B.R. 423 (Bankr.N.D.Ohio 1988), and *In re Williams,* 108 B.R. 119 (Bankr. N.D.Miss.1989). The court finds each of these cases distinguishable or unpersuasive.

142 B.R. at 581.

Other courts have also refused to allow postconfirmation modifications to surrender collateral and reclassify the creditor's claim from secured to unsecured. *See, In re Sharpe,* 122 B.R. 708 (E.D.Tenn.1991)[3]; *In re Holt,* 136 B.R. 260 (Bankr.D.Idaho 1992).

*Norton Bankruptcy Law and Practice* provides a helpful discussion on the issue presented to the Court:

> Once a creditor's allowed claim has been determined under Code § 506(a) to be fully secured or to be secured for a certain amount or its secured status has otherwise been fixed, and a plan dealing with the secured claim has been confirmed, it surely must be thought that this substitute for

the creditor's prior collateral rights in property of the estate will enjoy the same protection under the Fifth Amendment as did those collateral rights. Not to so conclude presupposes a cruel and deceptive system of laws—at least from the creditor's viewpoint.

Debtors, however, have had a considerable (but not unmarred) success in using Code § 1329 to modify confirmed Chapter 13 plans in ways which appear to deprive creditors of the constitutionally—protected value of secured claims.

Code § 1329(a) basically authorizes the amendment of a confirmed plan so as to change (1) the amount; or (2) the time for payments "on claims of a particular class provided for by the plan." The boldest and most frequent attempt by debtors to use the postconfirmation modification to alter the treatment of secured claims occurs when the collateral no longer appears to have a value which justifies full payment of the balance of the secured claim—in contrast with the composition percent being paid on unsecured claims. The collateral having lost its attractiveness, the debtor proposes an amendment to the plan so as (1) to surrender the now-unattractive collateral to the creditor; (2) to reduce the unpaid balance of the secured claim to reflect the now-diminished value of the collateral; (3) to have that reduced secured balance satisfied by the surrender of the collateral; (4) to have the remaining balance of the secured claim converted to an unsecured claim; and (5) to have this balance of the claim satisfied by the 5%, 17%, or whatever percent payment provided for unsecured claims—all over the objection of the holder of the secured claim.

*Norton Bankruptcy Law and Practice 2d* § 124:3, pp. 124–25 and 124–26 (1993) (footnotes omitted).

**2.** Interestingly, the *Algee* Court asserts that § 1327(a) would be rendered meaningless without the doctrine of res judicata as a brake on § 1329, while the Court in *Rimmer,* 143 B.R. 871 (Bankr.W.D.Tenn.1992), stated that the *Jock* Court did not read § 1327(a) as precluding modification of this nature, since such a reading could render § 1329 meaningless.

**3.** *Norton Bankruptcy Law and Practice 2d* states that *Sharpe* was rested on the doubtful proposition that the secured claims were all of the same class and must be treated alike. *Norton Bankruptcy Law and Practice* § 124:3, n. 75 (1993).

In discussing the rationale behind various cases dealing with these issues, *Norton* reasoned the following:

Mere dismissal of the applicability of the rule of res judicata to a secured claim dealt with by a confirmed plan is unconvincing, for it appears that both creditor and debtor should be able to rely on the confirmed plan's treatment of the claim, subject only to possible modification of the "amount" or the "time" of payments on the secured claim. Even such a change must meet the "good faith" requirement of Code § 1325(a)(3). See Code § 1329(b)(1)

Furthermore, it is a non sequitur to say that Code § 1327(a) does not limit postconfirmation modifications of plans, because that provision is merely a statutory statement of a confirmed plan or a modified confirmed plan. Rather, a straightforward interpretation of the rule in Code § 1327(a) that the "provisions of a confirmed plan bind the debtor and each creditor ..." is that it is binding on debtor and creditor, subject to a fair and justifiable modification of the amount or time of payments on the creditor's claim as the language of Code § 1329(a) provides—not a change in part of the claim from secured to unsecured with a resultant change in the total amount to be paid. The latter attributes to Congress an unlikely intention to give the debtors the option to shift to holders of allowed secured claims any loss in the value of collateral suffered by the debtor of an extent sufficient to cause a change of mind by the debtor and a proposal to make a unilateral modification in the plan.

*Norton Bankruptcy Law and Practice 2d,* § 124:3, n. 79, pp. 124–27 and 124–28 (1993). *See also, In re Howard,* 972 F.2d 639, 640 (5th Cir.1992) (provisions of bankruptcy code cannot be read in isolation but should be interpreted in light of the remainder of the statutory scheme).

The debtor has requested this Court to modify the amount of Mercury Finance's secured claim that was confirmed in the debtor's chapter 13 plan. In examining the language of Section 1329, the postconfirmation modification statute, the Court must apply the language according to its plain meaning. *In re Southmark Corp.,* 993 F.2d 117, 119 (5th Cir.1993); *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *In re Nobleman,* 968 F.2d 483 (5th Cir.1992), *aff'd,* —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) (words of statute are the primary and ordinarily most reliable source of interpreting the meaning of any writing).

■ Section 1329(a)(1) provides that the plan may be modified to "increase or reduce *the amount of payments on claims* of a particular class provided for by the plan". This section does not state that the plan may be modified to increase or reduce *the amount of claims.* This is of significance in relation to secured claims. Such claims are secured claims to the extent of the value of the collateral in accordance with Section 506(a) of the Code. Valuation of secured claims is adjudicated by the order of confirmation. A debtor's confirmed plan is res judicata as to claims determinations.[4] *Cf., In re Pence,* 905 F.2d 1107 (7th Cir.1990); *In re Linkous,* 990 F.2d 160 (4th Cir.1993); *In re Szostek,* 886 F.2d 1405 (3rd Cir.1989); *In re Duke,* 153 B.R. 913 (Bankr.N.D.Ala.1993) (containing list of case citations regarding binding effect of confirmation on the amount of a creditor's claim). Section 1329(a) does not provide for modification upon the request of a secured creditor, but only upon the request of the debtor, the trustee or the holder of an allowed unsecured claim. If the amount of a secured claim were to be subject to postconfirmation modification, Section 1329 undoubtedly would not have explicitly omitted secured creditors from the list of those who are permitted to request modifications.

■ Having considered the facts of this case in light of the various authorities on

---

4. The Court notes, however, that the plan does not conclusively establish the value if the amount in the plan differs from the secured creditor's proof of claim and the debtor did not object to the proof of claim prior to confirmation. *In re Howard,* 972 F.2d 639 (5th Cir.1992).

similar issues, this Court concludes that the mechanical problems with the debtor's vehicle do not qualify as a justifiable basis [5] upon which the debtor should be allowed to modify her confirmed plan in the manner proposed. Evidence at the hearing revealed that the debtor was currently paying both the payments on her newly acquired car as well as plan payments to the trustee. The Court is empathetic with the debtor who, through no fault of her own,[6] has experienced mechanical difficulties requiring expensive repairs, and has insufficient funds to pay for repairs out of pocket. However, the Court cannot conclude that there is sufficient justification found in the Bankruptcy Code for allowing the debtor to shift the burden of unexpected collateral depreciation to Mercury, after confirmation of her chapter 13 plan, particularly when the creditor has already experienced a cram down of valuation at the time of confirmation.[7] The debtor's request for modification of her confirmed chapter 13 plan is denied.

A judgment will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

## JUDGMENT

There came to be heard the Debtor's Motion for Modification of Plan and the objection thereto filed by Mercury Finance Company. Having considered the pleadings, memoranda, testimony of the debtor, and arguments presented by counsel, the Court finds that the motion is not well taken and should be denied.

SO ORDERED AND ADJUDGED.

---

**5.** Conversely, the Court in *In re Rimmer* specifically found that engine failure was prima facie evidence of a sufficient change in circumstances on the debtor's part to allow a postconfirmation modification.

**6.** There was no evidence to indicate that the engine problems experienced by the debtor were caused by any misconduct or lack of good faith by the debtor. Good faith is required in proposing a plan modification pursuant to §§ 1329(b) and 1325(a).

**7.** Such a conclusion would not preclude the debtor's surrender of the vehicle for liquidation and corresponding reduction in debt to the secured creditor. It is also noted that postpetition claims for automobile repairs may be included in the debtor's chapter 13 plan. *See generally, In re Roseboro,* 77 B.R. 38 (Bankr.W.D.N.C.1987); *In re Coursey,* 11 B.R. 944 (Bankr.W.D.Mo.1981).