### In re Jaye and Becki COOPER.

### Bankruptcy No. 89–41654S.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

May 3, 1994.

Kendall Black, Little Rock, AR, for SAC Federal Credit Union.

C.T. West, Jacksonville, AR, for debtors.

### ORDER SUSTAINING OBJECTION TO MODIFICATION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Objection to Modification of Plan After Confirmation, filed by SAC Federal Credit Union, on February 7, 1994. The matter was called for hearing at which time the parties appeared, presented the Court with a stipulation of the facts, and argued their respective positions. The issue before the Court is whether the Chapter 13 debtor, Becki Cooper, may modify the plan, initially confirmed on November 7, 1989,[1] to surrender collateral that diminished in value and to treat any deficiency as an unsecured claim.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(L).

The creditor, SAC Federal Credit Union (hereafter "credit union") holds an allowed claim, fully secured by a 1987 Mazda 626 automobile. The plan provides for full payment of that claim. Sometime after the plan was confirmed, the debtor, despite a contractual and statutory duty to the contrary, allowed insurance on the vehicle to lapse. On January 5, 1994, the debtor caused an automobile accident which destroyed the vehicle. The debtor now seeks to modify her plan to surrender the vehicle she wrecked in full satisfaction of the credit union's claim.

The Court has reviewed the relevant statutes, the case law, and considered the arguments of counsel. Upon due consideration, this Court adopts the legal reasoning found in *In re Banks,* 161 B.R. 375 (Bankr. S.D.Miss.1993) and the cases cited therein. This Court agrees that mechanical problems with the debtor's vehicle, particularly at this late juncture of the case, "does not qualify as a justifiable basis upon which the debtor should be allowed to modify her confirmed plan in the manner proposed." *Id.* at 379.

In addition, the Court finds that the modification is not filed in good faith as required by Bankruptcy Code sections 1325(a)(3), 1329(b)(1). The debtor failed to keep insurance on the vehicle and caused the accident by which the vehicle lost its value. It is noteworthy that the facts in this case are more compelling than the facts of *Banks:* in the instant case, the loss of value to the vehicle is solely the fault of the debtor. A modification to abandon the vehicle, at this juncture in the case, where the damage was caused by the debtor who failed to maintain insurance, is not filed in good faith.

Based upon the authority of *Banks,* 161 B.R. 375, and the facts presented to the Court, it is

**ORDERED** that the Objection to Modification of Plan After Confirmation, filed by SAC Federal Credit Union, on February 7, 1994, is SUSTAINED.

**IT IS SO ORDERED.**

---

1. An earlier modification was confirmed on January 9, 1994.