In re Oteldino Brito EVORA
and Maria G. Fidalgo
Evora, Debtors.

Bankruptcy No. 97–18237–JNF.

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

Nov. 9, 1999.

Pamela S. Holleman, Boston MA, Maria Caroll Fvrlong, Boston MA, for Oteldino Brito Evora and Maria G. Fidalgo Evora.

## ORDER

JOAN N. FEENEY, Bankruptcy Judge.

Whereas, the Debtors filed a voluntary petition under Chapter 13 on August 27, 1997; and

Whereas, the Debtors had previously filed a Chapter 7 petition and received a discharge; and

Whereas, the Debtors filed Schedules and a Statement of Financial Affairs with their Chapter 13 petition; and

Whereas, the Debtors filed a Chapter 13 plan on September 5, 1997 in which they proposed to pay the Massachusetts Housing Finance Agency ("MHFA"), their only creditor, a total of $99,640.20 at the rate of $1,660.67 per month over 60 months with respect to a secured claim in the amount of $80,000 with interest to be paid at the rate of 9%; and

Whereas, in their Schedules and Chapter 13 plan, the Debtors valued their real property located at 17 Payson Avenue, Dorchester, Massachusetts at $80,000; and

Whereas, on September 12, 1997, the Debtors filed motions under 11 U.S.C. §§ 506 and 1322(b)(2) with respect to the Payson Avenue property; and

Whereas, on October 24, 1997, in the absence of any objection, the Court granted the Debtors' Motion for Determination of Secured Status in which the Debtors requested that the Court value the Payson Avenue property at $80,000; and

Whereas, on October 27, 1997, the Chapter 13 Trustee filed a Motion for Interim Order of Disbursement pursuant to which he sought authority to pay MHFA the sum of $1,660.67 per month with respect to its $80,000 secured claim; and

Whereas, on November 14, 1997, the Court granted the Chapter 13 Trustee's Motion; and

Whereas, on August 11, 1998, the Court entered an order confirming the Debtors'

Chapter 13 plan, which order the Court amended on September 23, 1998 to reflect an effective date of September 1, 1997, rather than September 1, 1996; and

Whereas, the order of August 11, 1998 vested the Payson Avenue property in the Debtors; and

Whereas, on September 3, 1999, the Debtors filed a Motion to ·Approve Refinancing pursuant to which the Debtors sought authority to refinance their property and satisfy their obligations to MHFA under their Chapter 13 plan; and

Whereas, the Debtors in their Motion to Approve Refinancing represented that the current appraised value of their property is $156,000; that the refinancing proceeds would be sufficient to pay the balance owed to MHFA plus closing costs; and that Mortgage Security, Inc., the proposed lender, would remit all refinancing proceeds to the Chapter 13 Trustee as a one-time, lump sum payment in full satisfaction of all of the Debtors' obligations under the Plan, including their obligation to MHFA; and

Whereas, MHFA objected to the Refinancing Motion; and

Whereas, the Court overruled MHFA's objection at a hearing held on October 18, 1999; and

Whereas, MHFA filed a Motion for Reconsideration of the Court's order of October 18, 1999 in which it asserted that the Debtors were, in effect, proposing to modify their plan by reducing the time period in which MHFA would be paid the full amount of its secured claim; that the modification triggered 11 U.S.C. §§ 1322(a), and (b), as well as § 1323(c) and the requirements of § 1325(a); and

Whereas, MHFA further argued the following:

Any party affect by a post confirmation modification has standing to object to the modification, just as they would have standing to object to the Chapter 13 Plan prior to confirmation. See 11 USC Section 1325(a)(5). [sic] MHFA does not accept the terms that are outline in debtors' Motion to Approve Refinance. [sic] Clearly, then, the requirement under 11 USC 1325(a)(5)(A) [sic] would not be met. Attention must then be focused on Section 1325(b)(5)(B)(i) and (ii)[sic] and MHFA respectfully asserts that this provision is not satisfied under the proposed modified terms. A new plan that calls for a lump sum distribution would require a new effective date. MHFA's claim must therefore be revisited and in essence determined anew. Otherwise, the debtors have been allowed· to obtain the benefit of new valuation at the expense of the creditor by means of the backdoor;

and

Whereas, the Court finds that MHFA is, in effect, seeking a determination that their allowed secured claim is no longer $80,000 but a higher amount; and

Whereas, assuming *arguendo* that the Debtors are in effect modifying their Chapter 13 plan to reduce the time for payments to MHFA, MHFA has cited no authority for the proposition that this Court must, as a consequence, redetermine the amount of its secured claim; and

Whereas, the Court finds that in analogous circumstances courts have refused to permit debtors to shift the burden of depreciation in collateral to secured creditors by surrendering the collateral and reclassifying any deficiency as an unsecured claim, *see In re Meeks,* 237 B.R. 856 (Bankr. M.D.Fla.1999); *In re Coleman,* 231 B.R. 397 (Bankr.S.D.Ga.1999); *In re Banks,* 161 B.R. 375 (Bankr.S.D.Miss.1993); *see also Chrysler Fin. Corp. v. Nolan,* 234 B.R. 390 (M.D.Tenn.1999); and

Whereas, in *In re Meeks,* the court observed the following:

The better and more consistent interpretation of § 1329(a)(1) permits debtors to alter the amount of their payment on a claim to accelerate or reduce the rate at which a claim is paid. *Coleman,* 231

B.R. at 399. However, the modification of payment amounts cannot alter the allowed amount of the secured claim or eliminate the requirement in § 1325(a)(5) that the claim be paid in full. *Id.* Furthermore, § 1329(a) specifically excludes secured creditors from the list of parties who may move to modify a confirmed chapter 13 plan. A secured creditor cannot seek to modify a confirmed plan in any way. *See Id.* at 400; *Banks,* 161 B.R. at 378. To allow the debtor to modify the amount of a secured claim while prohibiting a secured creditor from making the same request is inequitable and supports the conclusion that Congress did not intend for debtors to modify the amount of secured claims under § 1329(a).

\*    \*    \*    \*    \*    \*

The Debtors' proposed modification is not permitted by § 1329(a). The Bankruptcy Code does not allow the Debtors' to modify the amount of an allowed secured claim post-confirmation. To allow the Debtors' to surrender their vehicle and reclassify GMAC's deficiency as an unsecured claim would shift the loss resulting from the vehicle's depreciation to GMAC. Such a result seems illogical when any appreciation post-confirmation would benefit the debtor and not the secured creditor. *See e.g. Ford Motor Credit Company v. Stevens (In re Stevens),* 130 F.3d 1027, 1030 (11th Cir. 1997) (holding that the secured creditor was only entitled to the amount of its claim as provided in the debtor's chapter 13 plan when the destruction of the vehicle yielded insurance proceeds greater than the secured creditor's claim). A debtor who decides to retain collateral at a confirmation hearing is entitled to any later appreciation in value but also must suffer any resulting depreciation or loss. The allowed amount of the secured claim is fixed at confirmation and is not subject to post confirmation modification.

237 B.R. at 860 and 861–62; and

Whereas, the Court finds that its decision in *In re Barbosa,* 236 B.R. 540 (Bankr.D.Mass.1999), is distinguishable from the facts of this case, in that at no time did the parties in that case contemplate a redetermination of the allowed amount of the secured claim while they disputed the entitlement of the holder of an unsecured deficiency claim to share in the appreciation of the debtor's property; and

Whereas, in view of the authorities cited above, the Court finds that MHFA has failed to establish grounds for reconsideration of this Court's order of October 18, 1999, as well as grounds for altering the allowed amount of its secured claim,

Now, therefore, the Court hereby denies MHFA's Motion for Reconsideration.