In re Anthony Rodolfo RODRIQUEZ
and Celina Maria Rodriquez,
Debtors.

No. 9:08–bk–16296–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 29, 2010.

Richard J. Hollander, Miller & Hollander, Naples, FL, for Debtors.

Jon Waage, Bradenton, FL, Trustee.

*ORDER ON DEBTORS' VERIFIED MOTION TO MODIFY ORDER CONFIRMING PLAN AND SUN-COAST SCHOOLS FEDERAL CREDIT UNION'S OBJECTION TO DEBTORS' VERIFIED MOTION TO MODIFY ORDER CONFIRMING PLAN*

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this confirmed Chapter 13 case of Anthony Rodolfo Rodriguez and Celina Marie Rodriquez (the Debtors), is Debtors' Verified Motion to Modify Order Confirming Plan, filed on January 12, 2010 (Doc. No. 37). In their Verified Motion, the Debtors are seeking to modify their Confirmed Chapter 13 Plan entered on July 12, 2009, pursuant to 11 U.S.C. § 1329. In response, Suncoast Schools Federal Credit Union filed its Objection to Debtors' Verified Motion to Modify Order Confirming Plan, pursuant to 11 U.S.C. §§ 1329 & 506 (Creditor)(Doc. No.40).

The facts relevant to the issues raised by Debtors' Motion and the Suncoast's Objection established at the hearing are as follows:

The Debtors filed their Petition for Relief pursuant to Chapter 13 of the Bankruptcy Code on October 17, 2008.[1] On the same date, the Debtors filed their Chapter 13 Plan. The Debtors' Chapter 13 Plan provided for direct payments to Suncoast Schools Federal Credit Union on account of Debtors' 2008 Toyota Scion. On December 2, 2008, the Debtors filed Debtors' Verified Motion to Make Direct Payments to Secured Creditor (Doc. No. 15). On December 4, 2008, this Court entered its Order Authorizing Direct Payments to Se-cured Creditor (Doc. No. 18). On July 12, 2009, this Court entered its Order Confirming Plan (Doc. No. 31). On January 12, 2009, the Debtors' filed the instant Motion seeking to modify their Chapter 13 Plan to surrender the 2008 Toyota Scion and the Creditor filed its Objection on February 16, 2010.

A Chapter 13 plan, once confirmed, is binding on all parties. 11 U.S.C. § 1327(a). However, the Bankruptcy Code expressly allows for modification of a previously confirmed Chapter 13 plan. 11 U.S.C. § 1329. Modification of a previously confirmed Chapter 13 plan is governed by 11 U.S.C. § 1329. Section 1329(a) provides that a Chapter 13 plan "at any time after confirmation of the plan but before the completion of payments under the plan . . . may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim." 11 U.S.C. § 1329(a). A plan may be modified: (1) to increase or reduce plan payments on a particular claim, (2) to extend or reduce the time for plan payments, (3) to alter the distribution to a creditor under the plan to account for non-plan payments made to that creditor, or (4) to reduce the amount to be paid under the plan by the amount the debtor pays to purchase health care insurance (subject to certain provisos and exceptions). 11 U.S.C. § 1329(a)(1)-(4). Additionally, Section 1322(b)(11), as made applicable to plan modifications by Section 1329(b)(1), permits a modified plan to "include any other appropriate provision not inconsistent with [the Bankruptcy Code]." 11 U.S.C. § 1322(b)(11). The modified plan becomes effective immediately and remains effective unless and until the Court disapproves of the modified plan. 11 U.S.C. § 1329(b)(2).

---

1. Unless otherwise indicated, all references to the Code or to "sections" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. Furthermore, all references to "rules" are to the Federal Rules of Bankruptcy Procedure Fed. R.Bankr.P. 1001–9025.

■ A Debtor's right to modify pursuant to 11 U.S.C. § 1329 includes the right to surrender collateral to a creditor previously treated as secured under a confirmed plan. When the collateral is surrendered, the allowable secured claim under 11 U.S.C. § 506(a) is the value of the collateral at the time of surrender, and the secured claim is therefore satisfied by surrender. If the value at the time of surrender is less than the allowed secured claim under the previously confirmed plan, the balance shall be treated and paid as an unsecured claim under the plan as modified.

The courts are divided on whether a debtor may modify a confirmed Chapter 13 plan to surrender collateral to the secured creditor and then reclassify the unpaid balance of the claim as unsecured. A number of courts have taken the position that a debtor may modify a Chapter 13 Plan to surrender a vehicle and reclassify the creditor's deficiency claim as unsecured. *See In re Disney,* 386 B.R. 292, 298 (Bankr.D.Colo.2008); *In re Ross,* 373 B.R. 656 (Bankr.W.D.Mo.2007); *In re Taylor,* 297 B.R. 487 (Bankr.E.D.Tex.2003); *In re Hernandez,* 282 B.R. 200 (Bankr. S.D.Tex.2002); *In re Knappen,* 281 B.R. 714 (Bankr.D.N.M.2002); *In re Zieder,* 263 B.R. 114 (Bankr.Ariz.2001); *In re Townley,* 256 B.R. 697 (Bankr.D.N.J.2000); *In re Day,* 247 B.R. 898 (Bankr.M.D.Ga.2000); *In re Johnson,* 247 B.R. 904 (Bankr. S.D.Ga.1999); *In re Waller,* 224 B.R. 876 (Bankr.W.D.Tenn.1998); *In re Anderson,* 153 B.R. 527 (Bankr.M.D.Tenn.1993); *In re Rimmer,* 143 B.R. 871 (Bankr. W.D.Tenn.1992); *In re Frost,* 96 B.R. 804 (Bankr.S.D.Ohio 1989); *In re Jock,* 95 B.R. 75 (Bankr.M.D.Tenn.1989); *In re Stone,* 91 B.R. 423 (Bankr.N.D.Ohio 1988).

On the other hand, there are cases that hold that Section 1329 does not permit a post-confirmation modification that provides for reclassification of a creditor's secured claim. *See In re Arguin,* 345 B.R. 876 (Bankr.N.D.Ill.2006); *In re Smith,* 259 B.R. 323 (Bankr.S.D.Ill.2001); *Chrysler Financial Corp. v. Nolan (In re Nolan),* 232 F.3d 528 (6th Cir.2000); *Sharpe v. Ford Motor Credit Co. (In re Sharpe),* 122 B.R. 708 (E.D.Tenn.1991); *In re Meeks,* 237 B.R. 856 (Bankr.M.D.Fla.1999); *In re Coleman,* 231 B.R. 397(Bankr.S.D.Ga.1999); *In re Dunlap,* 215 B.R. 867 (Bankr.E.D.Ark.1997); *In re Banks,* 161 B.R. 375 (Bankr.S.D.Miss. 1993); *In re Abercrombie,* 39 B.R. 178 (Bankr.N.D.Ga.1984).

■ Turning to the case at bar, the Debtors' request leave from this Court to modify their Confirmed Plan, the Court is persuaded that the Debtors may modify their Confirmed Chapter 13 Plan to surrender the 2008 Toyota Scion since the Debtors have suffered a decrease in income and can no longer afford to maintain two (2) vehicles in the household. Based on the Debtors decrease in income, the Court finds no bad faith by the Debtors. However, the record is clear that the Debtors have not filed their modified plan to include a provision allowing for the surrender of the 2008 Toyota Scion to the Creditor and to reclassify, if any, the remaining balance as unsecured. Based on the foregoing, this Court is satisfied that the Debtors may modify their Confirmed Chapter 13 Plan to include the surrender of the 2008 Toyota Scion to the Creditor. However, the Debtors are required to file their modified plan by no later than May 14, 2010. Once the Debtors have filed their modified plan if the Creditor believes that the proposed modification does not satisfy the good faith requirements pursuant to 11 U.S.C. § 1325(a)(3), the Creditor shall file a Supplemental Objection no later than May 28, 2010.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Debtors' Verified Motion to Modify Order Confirming Plan (Doc. No. 37) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that Suncoast Schools Federal Credit Union's Objection to Debtors' Verified Motion to Modify Order Confirming Plan (Doc. No. 40) be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DE-CREED that after the above deadlines have been complied with, hearing shall be held on the Debtors' Modified Chapter 13 Plan and Objections thereto, if there are any filed.