**In re Wade H. BUTLER, Sr. and Rebecca M. Butler, Debtors.**

**Bankruptcy No. B-91-13237C-13W.**

United States Bankruptcy Court,
M.D. North Carolina,
Winston–Salem Division.

July 13, 1994.

A. Carl Penney, Winston–Salem, NC, for debtor.

Walter W. Pitt, Winston–Salem, NC, for creditor.

Kathryn L. Bringle, Standing Trustee, Winston–Salem, NC.

*MEMORANDUM OPINION*

WILLIAM L. STOCKS, Bankruptcy Judge.

Before the court is a motion filed by the Standing Trustee and joined in by the debtors which, in effect, seeks modification of the debtors' confirmed plan to reclassify the secured claim of Chrysler Credit Corporation ("Chrysler"). Also before the court is Chrysler's objection to the motion. Having considered the motion, the objection and the undisputed facts and having heard and considered the arguments of counsel, the court concludes that the motion should be denied to the extent that it seeks to modify the treatment of the secured claim of Chrysler under the plan.

*FACTS*

At the outset of this case Chrysler filed a claim for $12,360.08. The claim was filed as a secured claim, the collateral being a 1989 Dodge van owned by the debtors. The debtors' plan was confirmed on October 1, 1991. The order confirming the plan provided that Chrysler's claim would be allowed as secured in the amount of $11,000.00 based upon the value of the 1989 Dodge van and that the balance of the claim would be allowed as an unsecured claim in the amount of $1,360.08. The plan and order confirming the plan also

provided that the secured claim was to be repaid at the rate of $300.00 per month. The order confirming the plan further ordered the debtors to maintain collision insurance on the vehicle and ordered that the vehicle be stored if the collision insurance were not maintained in force.

On or about April 4, 1994, the 1989 Dodge van was involved in a collision and was heavily damaged. Prior to the accident, the debtors had permitted the collision insurance to lapse so that the van was uninsured when the collision occurred. Chrysler's first knowledge that the van was not covered by collision insurance was when it received a letter from the debtors' attorney dated April 21, 1994, more than two weeks after the accident. The value of the van was greatly reduced as a result of the damage sustained in the collision and the amount which will be realized from the sale of the damaged and unrepaired vehicle will fall short of satisfying Chrysler's secured claim.

## ISSUE

Whether the debtors are entitled to modification of the confirmed plan in order to have the balance of Chrysler's secured claim of $11,000.00 treated as an unsecured claim [1] after crediting the secured claim with the proceeds realized from the liquidation of the damaged van?

## DISCUSSION

In this case modification of the confirmed plan is sought pursuant to 11 U.S.C. § 1329(a) which provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

The cases are divided on the question of whether postconfirmation motions seeking modification pursuant to § 1329 are subject to the principles of res judicata. In general terms, res judicata prevents the litigation of issues which were raised at a hearing or could have been raised at such hearing. In the context of a motion pursuant to § 1329, res judicata prohibits modification based upon issues that were or could have been litigated at confirmation. However, res judicata does not bar issues that arise because the debtor's circumstances have changed since confirmation. This is true because such issues could not have been raised at confirmation, since the circumstances giving rise to such issues did not exist at confirmation. The effect of applying res judicata to § 1329 motions to modify confirmed plans is that the movant may not obtain relief unless it is shown that the requested modification is necessary because of a change of circumstances, i.e., it involves an issue which was not and could not have been raised at confirmation. The rationale for applying res judicata to § 1329 motions is succinctly stated in an excellent article in the Bankruptcy Developments Journal [2] as follows:

The confirmation hearing is a judicial proceeding. The parties litigate issues and make objections. In the end, the court denies or approves the plan, which binds the debtor and creditors to its terms. Since this proceeding is significant, judicial economy demands reducing needless or repetitive litigation of issues that could have been decided at the confirmation hearing.

---

1. *The confirmed plan provides for a 100% dividend to Chrysler on its secured claim, while unsecured creditors receive only a 20% dividend. If the motion to modify were granted, Chrysler would go from a 100% dividend to a 20% dividend on the portion of the claim which remained* unpaid after applying the proceeds from the liquidation of the van.

2. Harry L. Deffebach, *Postconfirmation Modification of Chapter 13 Plans: A Sheep in Wolf's Clothing,* 9 Bankr.Dev.J. 153 (1992).

As a matter of sound public policy, as well as appropriate judicial economy, there is no reason why either a creditor or a debtor should be permitted to relitigate issues which were decided in the confirmation order or which were available at the time of confirmation but not raised by the parties. Absent this salutary policy, there is no readily available brake on the filing of motions under § 1329 by creditors and debtors simply hoping to produce a more favorable plan based on the same facts presented at the original confirmation hearing.

The better rule and the one that is controlling in this Circuit is that res judicata is applicable to motions to modify confirmed plans pursuant to § 1329 of the Bankruptcy Code. *See, In re Arnold,* 869 F.2d 240 (4th Cir.1989). *Accord, In re Algee,* 142 B.R. 576 (Bankr.D.C.1992); *In re Rimmer,* 143 B.R. 871 (Bankr.W.D.Tenn.1992); *In re Fitak,* 92 B.R. 243 (Bankr.S.D.Ohio 1988). In the *Arnold* case the court stated:

> The doctrine of *res judicata* bars an increase in the amount of monthly payments only where there have been no unanticipated, substantial changes in the debtor's financial situation. 869 F.2d at 243.

■ The foregoing language from the *Arnold* case also indicates the standard which should be used in evaluating whether there has been a sufficient "change of circumstances" to permit modification of the confirmed plan. The standard indicated in the *Arnold* case and the one adopted by this court is that there must have been an unanticipated, substantial change of circumstances before a confirmed plan may be modified pursuant to § 1329.

■ Turning to the facts in the present case, the court concludes that the debtors are not precluded by res judicata from seeking the modification described in the motion. The undisputed facts reflect that there has been an unanticipated, substantial change in circumstances as regards the debtors. The Dodge van appears to be the primary source of transportation for these debtors. The accident some two and one-half years following confirmation in which the van was heavily damaged at a time when it was uninsured is not something that the debtors could or should have anticipated at the time of confirmation. Further, the indications are that the van has been heavily damaged and its value significantly reduced. Given the fact that the damages are significant, that there are no insurance proceeds with which to make repairs and that the debtors were dependent upon the van for transportation, the change in circumstances qualifies as being substantial. In short, the debtors seek to raise an issue which could not have been raised at confirmation. Accordingly, the debtors are not barred by res judicata from seeking relief with respect to the issue arising from the unanticipated, substantial change in circumstances which has brought them back into court.

■ In order for the debtors or the Trustee to be entitled to relief, the requested modification must be one which is permitted under the provisions of § 1329. The Trustee and the debtors contend that the requested modification in this case is permissible under subparagraph (a)(1) of § 1329 which provides that a confirmed plan may be modified to "increase or reduce the amount of payments on claims of a particular class provided for by the plan...." Again, the cases are divided on the question of whether this provision of § 1329 permits the type of relief sought in the present case. The debtors and the Trustee in this case seek to have the proceeds from the salvage of the damaged vehicle applied to the $11,000.00 secured claim of Chrysler and to have the balance of the secured claim treated as an unsecured claim. In effect, the $11,000.00 secured claim is being reduced to the amount already paid by the debtors plus the proceeds which will be realized from the salvage of the vehicle. The remainder of the formerly secured claim then will be reclassified as unsecured. A number of cases hold that such a modification is not permitted under the provisions of § 1329. *See, e.g., In re Banks,* 161 B.R. 375 (Bankr. S.D.Miss.1993); *In re Sharpe,* 122 B.R. 708 (E.D.Tenn.1991); *In re Abercrombie,* 39 B.R. 178 (N.D.Ga.1984). Other cases have reached the opposite conclusion and approved modifications under § 1329 which reclassify a portion of a secured claim. *See,*

*e.g., In re Jock,* 95 B.R. 75 (Bankr.M.D.Tenn. 1989); *In re Rimmer,* 143 B.R. 871 (Bankr. W.D.Tenn.1992); *In re Williams,* 108 B.R. 119 (Bankr.N.D.Miss.1989). In the present case, for the sake of argument, Chrysler assumed that the requested change was permitted under § 1329 and based its objection primarily upon the ground that there was a lack of good faith with respect to the proposed modification. Therefore, the court will assume, without deciding, that the proposed modification is a type of modification that is permissible under § 1329 and will focus only upon the issue of good faith which has been raised by Chrysler.

The beginning point for Chrysler's good faith objection is subparagraph (b) of § 1329 which provides:

> (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of Section 1325(a) of this title apply to any modification under subsection (a) of this section.

Of course, one of the requirements of § 1325 is that the plan must have been proposed in good faith before it can be confirmed. The incorporation of this requirement into § 1329 means that the modification must have been proposed in good faith. Chrysler's argument is that the failure to maintain insurance and the operation of the vehicle without insurance, contrary to the requirements of the confirmation order, with the resulting destruction of the vehicle, constitutes a lack of good faith and requires denial of the modification. The court has concluded that Chrysler's position is correct and concludes that the modification was not proposed in good faith and may not be approved.

 Section 1329(a) permits the type of modification sought by the debtors in this case only if they satisfy the requirements of §§ 1322(a), 1322(b), 1323(c) and 1325(a), all of which are made applicable to motions to modify by § 1329(b). As movants, the Trustee and the debtors have the burden of proving that the proposed modification meets all of these requirements, including the good faith requirement of § 1325(a). *See, In re Rimmer, supra.* In this context, the mere absence of fraud or mal-intent does not establish "good faith". *Southtrust Mobile Ser-*

*vices, Inc. v. Englebert,* 137 B.R. 975, 988 (N.D.Ala.1992). A debtor who proposes a modification which is necessitated by his own postconfirmation misconduct, neglect or unjustified failure to comply with the confirmed plan or confirmation order does not meet the good faith requirement of § 1325(a). For example, in *In re McNulty,* 142 B.R. 106 (Bankr.D.N.J.1992), the debtors sought modification of their confirmed plan after they had failed to make mortgage payments required under the plan in order to pay tuition required in order to send their children to private school. In refusing to confirm the modification, the court said:

> By failing to make payments which they were obligated to make and by making payments which were impermissible, the debtors breached an obligation to their creditors which they undertook by the plan. 11 U.S.C. § 1327(a). In their modified plan, the debtors propose to shift the consequences of that breach from themselves to their creditors. Their breach of the original plan in this manner requires the conclusion that the modified plan has not been proposed in good faith. Confirmation is therefore denied. 142 B.R. at 110.

The debtor who has abused or neglected the collateral of a secured creditor following the confirmation of a plan likewise may not be permitted to modify the plan in order to shift the resulting loss to the secured creditor. This concept was aptly expressed in *In re Jock, supra,* as follows:

> The Bankruptcy Code protects the secured claim holder from abusive depreciation between confirmation and modification by applying the "good faith" test at confirmation of a modified Chapter 13 plan. 11 U.S.C. § 1329(b)(1). Had evidence been introduced at the confirmation of the modified plan that the debtor abused the car after [confirmation], the proposed modification might be portrayed as a bad faith effort by the debtor to shift the loss caused by the debtor's misconduct to the secured claim holder. 95 B.R. at 78.

When the facts in the present case are examined in the light of these principles it is clear that the debtors do not meet the good

faith requirement of § 1325(a). The debtors breached the provisions of the confirmation order by their failure to maintain collision insurance on the van. They aggravated the situation and further violated the confirmation order by continuing to operate the vehicle without having insurance on it. Thus, the unfortunate predicament which prompted the requested modification is solely the result of the neglect of the debtors which also breached their obligation to Chrysler under the plan and confirmation order. In their motion they seek to shift the consequences of their neglect and default to Chrysler. The good faith requirement of § 1325(a) prevents them from doing so.

To the extent that the motion seeks to modify the automatic stay to permit Chrysler to take possession of the wrecked van in order to sell the vehicle and apply the resulting proceeds to the secured claim, the motion will be allowed. To the extent that the motion seeks to have the unpaid balance of the secured claim treated as an unsecured claim, the motion will be denied. An order consistent with this opinion will be entered contemporaneously with the filing of this opinion.

### ORDER

In accordance with the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED, ADJUDGED AND DECREED as follows:

(1) The motion of the Standing Trustee to modify the automatic stay in order to permit Chrysler Credit Corporation to take possession of the debtors' 1989 Dodge van for liquidation is granted;

(2) Chrysler Credit Corporation shall have to and including September 30, 1994, within which to liquidate the 1989 Dodge van and to file with the Standing Trustee an amended claim for the balance remaining due on the secured claim of Chrysler Credit Corporation after applying the net proceeds realized from the liquidation of the 1989 Dodge van to the secured claim of Chrysler Credit Corporation;

(3) Failure of Chrysler Credit Corporation to file a timely deficiency claim shall result in the release of the 1989 Dodge van being deemed in full satisfaction of the secured claim of Chrysler Credit Corporation; and

(4) The motion is overruled and denied to the extent that it seeks to modify the confirmed plan in order to reduce the amount which is payable to Chrysler under the plan on any portion of its $11,000.00 secured claim which remains unpaid after the proceeds from the liquidation of the van have been applied to the claim.