**In re Mary Boerbon NELSON, Debtor.**

**Bankruptcy No. 92–35328.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Sept. 1, 1995.

Curtis K. Walker, Minneapolis, MN, for Debtor.

Stephen Creasey, Minneapolis, MN, for Trustee J.J. Mickelson.

## ORDER

DENNIS D. O'BRIEN, Chief Judge.

This matter came before the Court June 8, 1995, on motion of Mary Boerbon Nelson

(Debtor) to modify her confirmed Chapter 13 Amended Plan. Patrick Dunbar and Jane Molitor (Respondents), who are creditors of the Debtor, object. Appearances were noted on the record. The Court, having reviewed and considered the evidence received; having heard arguments of counsel; and, otherwise being fully advised on the matter; now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I.

### STATEMENT OF CONTROVERSY.

Debtor's Amended Chapter 13 Plan was confirmed, by this Court, January 15, 1993. She now seeks to modify her Amended Plan in accordance with 11 U.S.C. § 1329, to reduce her plan payments, due to unanticipated and adverse change in circumstances. She argues that: her expenses have increased dramatically since confirmation due to unanticipated circumstances; she proposes the modification in good faith; and, that she has committed all of her disposable income to the plan.

Respondents object to the proposed modification. They contend that Debtor's financial circumstances have not adversely changed since her Amended Plan was confirmed. They argue that her income has increased, and her reasonable and necessary expenses have decreased. Additionally, they claim that her post-confirmation conduct reveals that she has the disposable income to make payments on the plan as originally confirmed. Finally, Respondents argue that the failure to commit all of her disposable income to the plan as modified, constitutes bad faith.

## II.

### FACTS.

Respondents have an unsecured, non-priority claim against Debtor in the amount of $36,345.92, in the form of a judgment entered September 22, 1992, by the Ramsey County Probate Court. The judgment constituted 88% of Debtor's scheduled unsecured debt, and was for damages resulting from Debtor's role as personal representative of Respondents' mother's estate.[1] Respondents had commenced garnishment proceedings in September, 1992, to collect the judgment, and Debtor filed for bankruptcy 6 days later.

Debtor filed her petition for relief on October 5, 1992. She was unmarried, and responsible for a 16 year old daughter and 13 year old son. She worked for Unicare, Inc., as a dietetic technician, and her net monthly income was $1,278. She also received $500 in monthly child support. Her total net monthly income was $1,778. She scheduled only one secured claim, held by J.C. Penny in the amount of $5,000, securing household furniture. Her scheduled unsecured debt totaled $41,150, including: the judgment of $36,345.92, in favor of Respondents; a $4,000 personal loan to Debtor's father; and, a $147.00 debt to Forest Lake Ambulance.

Debtor's expenses were set out as follows:

| | |
|---|---|
| Mtg/Taxes/Ins. | $537.00 |
| Home Maintenance | $70.00 |
| Electric | $150.00 |
| Water & Sewer | $25.00 |
| Telephone | $39.00 |
| Garbage | $20.00 |
| Food | $600.00 |
| Clothing | $25.00 |
| Laundry | $25.00 |
| Medical | $0.00 |
| Transportation | $50.00 |
| Auto Insurance | $25.00 |
| Total | $1566.00 [2] |

Debtor's scheduled disposable income was $212.25. Her original plan provided for monthly payments of $200. Respondents objected to the confirmation of that plan on the basis that she submitted the plan in bad faith; and, on the basis that she had not committed all of her disposable income into the plan.

Debtor then amended her plan on January 27, 1993, setting out a graduated payment structure, where payments would increase

---

1. The Ramsey County Probate Court found that: Debtor took payments not willed to her; that she stole monies from the probate estate; and, that she failed to reimburse the estate for her expenses.

2. An additional $50.00 was automatically deducted each month from Debtor's income for a savings account.

over the five year plan. This structure was delineated as follows:

| | | |
|---|---|---|
| Jan. '93/Jan. '94 | $300 a month | $3,600 |
| Jan. '94/Jan. '95 | $350 a month | $4,200 |
| Jan. '95/Jan. '96 | $400 a month | $4,800 |
| Jan. '96/Jan. '97 | $450 a month | $5,400 |
| Jan. '97/Jan. '98 | $500 a month | $6,000 |
| Total for 5 yr. Plan | | $24,000 |

In the Amended Plan, Debtor proposed to satisfy the one secured claim, and pay the unsecured creditors $19,000 over the life of the plan. Respondents were to receive $16,-000. Respondents withdrew their objections to confirmation of Debtor's plan as amended, and this Court entered an Order confirming the Debtor's Amended Chapter 13 Plan on January 15, 1993.

Debtor paid $6,400 into the Amended Plan. In 1994, she fell $1,800 into arrears on her Amended Plan payments. The Chapter 13 Trustee filed a motion to dismiss or convert this case. Debtor responded with the present motion to modify the Amended Plan pursuant to 11 U.S.C. § 1329, to reduce her plan payments. Under the proposed modified plan, Debtor would pay $150, over 32 months, resulting in total payments to unsecured creditors of $3,450.

In support of her proposed modification, Debtor provided the Court with updated income and expense schedules. These schedules reveal that Debtor is now 42 years old; is remarried to Ronald Gerdesmeier; and, is in good health. She remains employed with Unicare. Debtor's income from Unicare has increased since her Amended Plan was confirmed. She now earns $1,398 in net monthly income. She no longer receives the monthly child support payments from her former husband. She testified that her teenage son moved out of her home, and in with his father.

Mr. Gerdesmeier's income and expense schedule reveals that he is 38 years old. He suffered a back injury some years ago, and is not employed at this time. He receives $1025 in net monthly income from disability payments, and various odd-jobs. He has a teenage daughter from a former marriage, but she does not live with him.

Their marital expenses were scheduled as follows:

| Expenses | Debtor | Gerdesmeier | Total |
|---|---|---|---|
| Mtg/Taxes/Ins | $544.00 | $0.00 | $544.00 |
| Electric/Heat | $70.00 | $70.00 | $140.00 |
| Water/Sewer | $17.00 | $17.00 | $34.00 |
| Telephone | $22.00 | $22.00 | $44.00 |
| Garbage | $16.00 | $16.00 | $32.00 |
| Food | $250.00 | $150.00 | $400.00 |
| Clothing | $25.00 | $50.00 | $75.00 |
| Lndry/Dry Clng | $0.00 | $0.00 | $0.00 |
| Medical/Dental | $30.00 | $75.00 | $105.00 |
| Transport | $80.00 | $75.00 | $155.00 |
| Recreation/Clubs | $0.00 | $50.00 | $50.00 |
| Auto Insurance | $70.67 | $67.00 | $137.67 |
| Auto Instl Pymts | $279.00 | $215.00 | $494.00 |
| Child Support | $0.00 | $200.00 | $200.00 |
| Total | $1403.67 [3] | $1007.00 | $2410.67 |

Debtor contends that her financial circumstances have adversely changed during the pendency of the Plan; that these changes were unanticipated; and, that they warrant a reduction in plan payments. She no longer receives the $500 per month child support payment from her former husband. Additionally, she claims that her expenses have increased, due to Gerdesmeier's disability. Both Debtor and Mr. Gerdesmeier testified that he is able to obtain only sporadic employment, and that he relies on fixed disability income. Mr. Gerdesmeier assists in paying one-half of their utility expenses. Debtor pays the remaining housing expenses.

Respondents object to the proposed modification. They contend that Debtor's changes in circumstances were not unanticipated, nor adverse to her financial situation. They also argue that her modified plan does not propose to submit all of her disposable income into the plan as modified, and is not proposed in good faith.

### III.

### ANALYSIS.

■ 11 U.S.C. § 1329 permits a debtor, trustee or holder of an allowed unsecured claim, on motion, anytime after confirmation, and before all plan payments have been made, to: seek an increase or reduction in the amounts of payments on claims of a particular class provided for by the plan; or to extend or reduce the time for such payments. If, upon motion and hearing, the proposed change is approved by the Court,

---

**3.** Debtor still has $50 deducted from her monthly income for a savings account.

the modification becomes the plan. 11 U.S.C. § 1329(b)(2).

■ When a proposed modification to the plan would reduce the plan payments, the burden falls on the debtor to demonstrate that her circumstances have sufficiently changed adversely, to warrant the modification. *In re Butler*, 174 B.R. 44, 48 (Bankr. M.D.N.C.1994). A debtor must demonstrate changed circumstances, or those circumstances which adversely affect a debtor's ability to pay as required by the terms of the original plan. *In re McNulty*, 142 B.R. 106, 108 (Bankr.N.J.1992). The Court may consider the debtor's change in: (1) income or expenses; (2) medical condition; and (3) the debtor's post-confirmation conduct, in contemplating changed circumstances. *Butler*, at 46.

■ A post-confirmation modification to reduce a debtor's obligation under a confirmed plan, is intended as a method of addressing unforeseen difficulties that arise during plan administration. *In re Dittmer*, 82 B.R. 1019, 1021 (Bankr.D.N.D.1988). Such modification is warranted only when an unanticipated change in circumstances affects implementation of the plan as confirmed. *In re Leland*, 96 B.R. 990, 992 (Bankr.D.S.D.1989).

■ Debtor's claim of changed circumstances is not credible. Her present circumstances are of her own making; and, any difficulties that she might have in funding her Amended Plan payments are the result of her own voluntary conduct and decisions.

Debtor's income from employment has increased since plan confirmation. She testified that she had no disability or medical condition which would inhibit her future employment.

Debtor's loss of the monthly child support payments is not an adverse change in her circumstances. The loss of income from child support should be directly offset by decreased expenses in caring for her children. Debtor's daughter, who was sixteen years of age at filing, is no longer a minor.

Debtor's son no longer lives with her. The support payments were intended to assist in meeting her responsibilities in the caring for her children. They were not intended to fund the Chapter 13 Amended Plan.

Debtor's argument that Gerdesmeier's disability has increased her expenses, is not credible either. Debtor's decision to marry was voluntary. She was aware of Gerdesmeier's disability prior to their marriage. She must have known that the disability would limit his ability to contribute to their marital expenses. Gerdesmeier's lack of income was not unforseen, and Debtor cannot now credibly claim this as an unanticipated, adverse change in circumstances.

An additional consideration is Debtor's post-confirmation purchase of a car in December, 1994, while in arrears on her Chapter 13 Plan. Debtor voluntarily assumed a large monthly obligation, and she voluntarily increased her expenses for auto insurance by a substantial amount. She financed the purchase through an installment contract that requires monthly payments of $279.[4] She also must pay $70.67 each month for the insurance on the vehicle.

Debtor's purchase of the vehicle was unnecessary and inappropriate. Gerdesmeier owns a vehicle in working condition, and he is unemployed most of the time. He testified that he often transports his daughter when necessary. No explanation was given why he cannot transport Debtor, or why Debtor is in need of such an expensive vehicle.

In summary, Debtor's claim that her circumstances have adversely changed, requiring modification of her Amended Plan, is not credible. Debtor is a young married woman, in good health. She is no longer financially responsible for the care of her children. She has demonstrated stable and continuous employment. Her income has increased, while her reasonable and necessary expenses have decreased. The expenses that have increased since her Amended Plan was confirmed, were voluntarily and unnecessarily incurred. Although there has been some changes in Debtor's life since confirmation,

---

**4.** In Debtor's schedules filed October, 1992, she did not list a car payment as an expense, and listed only $25.00 for liability insurance coverage.

these changes resulted from voluntary conduct and decision making, and were not unanticipated or unforeseen. Accordingly, she has not demonstrated cause to modify the Amended Plan, and the motion should be denied.

## IV.

### DISPOSITION.

Based on the foregoing, it is hereby **OR-DERED**: Debtor's motion to modify her Chapter 13 Amended Plan, confirmed on January 15, 1993, is denied.