**In re Darcy L. DEBING and Roxann L. Debing, Debtors.**

**Bankruptcy No. 91–34353.**

United States Bankruptcy Court, D. Minnesota, Third Division.

Nov. 12, 1996.

---

Stephen J. Creasey, Minneapolis, MN, for Trustee.

Darrel A. Baska, Eagan, MN, for Debtors.

## ORDER DENYING DEBTORS' MOTION FOR POST-CONFIRMATION MODIFICATION

GREGORY F. KISHEL, Bankruptcy Judge.

This Chapter 13 case came on before the Court on November 5, 1996, for continued hearing on the Trustee's motion for dismissal and on the Debtors' motion for post-confirmation modification. The standing trustee appeared by his attorney, Stephen J. Creasey. The Debtors appeared personally and by their attorney, Darrel A. Baska. Upon the moving documents and the arguments of counsel, the Court makes the following order.

The Debtors filed a voluntary petition under Chapter 13 on July 31, 1991. In their plan of debt adjustment, they proposed to pay $225.00 per month to the Trustee over a period of 60 months. These funds were to be applied to pay priority and general unsecured debts in a total amount that they estimated at $13,233.00. This was to result in payment in full of all allowed claims. The plan was confirmed without objection on October 24, 1991.

Over the ensuing five years, the Trustee moved for dismissal of this case pursuant to 11 U.S.C. § 1307(c)(6)[1] on five different occasions. The first four motions were resolved when the Debtors and the Trustee agreed to structured cures of their defaults in payment. In the fifth, filed on September 20, 1996[2], the Trustee again alleged that the Debtors were in default, this time to the extent of $1,124.17. This was the amount required to complete payments under their plan.

In response, the Debtors brought on the present motion for post-confirmation modification. Through it, they propose to obtain confirmation of a "pot plan" in the form currently prescribed by LOC.R.BANKR.P. (D.MINN.) 602, as opposed to the confirmed "percentage plan" that governed this case and its estate over the 60 months of its term.[3] Under the proposal, the amount the Debtors have actually paid to the Trustee to date, which has been distributed to creditors

---

1. This statute provides that cause for dismissal of a Chapter 13 case includes "material default by the debtor with respect to a term of a confirmed plan."

2. The Trustee's staff served this motion on August 20, 1996. For some reason, an executed original copy of the motion was not filed for a month.

3. The differences between "percentage plans" and "pot plans" under Chapter 13 were discussed at length in Cohen, *Pot Plans Should Be Replacing Percentage Plans in Chapter 13*, 4 J.BANKR L. & PRACT. 305 (1995).

already, would be all that those creditors are to receive from the estate.[4] The Debtors would be deemed current in payment, and entitled to receive a discharge immediately. The effect of the modification would be to retroactively conform the plan's binding provisions to the Debtors' actual, but incomplete, performance under their original plan.

■■■ 11 U.S.C. § 1329(a)[5] allows debtors in Chapter 13 to obtain modification of their confirmed plans. The proponent of any modification under this provision must demonstrate some form of "cause" to overcome the objection of parties that would be adversely affected. *In re Guernsey*, 189 B.R. 477, 481–482 (Bankr.D.Minn.1995). As a threshold matter, a debtor seeking a modification that reduces his payment obligations and creditors' distribution rights from those under a prior plan must show that his financial circumstances underwent an adverse change after confirmation of the original plan. *In re Nelson*, 189 B.R. 748, 751 (Bankr.D.Minn. 1995). The Bankruptcy Court has "considerable discretion whether to approve proposed modifications." *In re Guernsey*, 189 B.R. at 482. Because 11 U.S.C. § 1329(b) requires it, the Court may apply the generalized "good faith" element of 11 U.S.C. § 1325(a)(3) to a proposal for modification. *In re Guernsey*, 189 B.R. at 483 (citing *In re Witkowski*, 16 F.3d 739, 746 (7th Cir.1994)). Where a motion for modification is brought at the very end of a plan and has the sole goal of forgiving a debtor's repeated or protracted default so as to pave the way for an immediate grant of discharge, this inquiry is particularly pointed; the debtor would have to make an extremely strong showing of an adverse change in circumstances, and should probably be relegated to the more limited remedy of "hardship discharge" under 11 U.S.C. § 1328(b).[6] *In re Guernsey*, 189 B.R. at 483.

■■■ Here, counsel elected not to present evidence, relying on an offer of proof: if called to testify, the Debtors could attribute the last two months of their current default to unanticipated automobile repair expenses. Even if established, this would not explain the previous several months' defaults. Nor, really, does it go to their inability to muster the relatively modest amount required to fully cure, or their repeated past defaults.[7] It certainly would not constitute the cause for

---

4. Apparently the Trustee has paid all priority tax claims in their allowed amounts, and has paid approximately 80 percent of the face amount of allowed unsecured claims.

5. The pertinent provisions of this section are:

At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
   (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
   (2) extend or reduce the time for such payments; or
   (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan.

6. This statute provides as follows:

At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—
   (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
   (2) the value, as of the effective date of the plan, or property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of [the Bankruptcy Code] on such date; and
   (3) modification of the plan under [11 U.S.C. §] 1329 ... is not practicable.

7. In all of his first four motions, the Trustee complained of defaults of three to seven months' worth of payments. As their counsel points out, the Debtors were able to catch up on each occasion. This elides the fact that they had to be repeatedly called on their defaults to make them accountable in the first place. It also does not speak to the fact that they had every motivation in the world to stay in Chapter 13. The great bulk of their pre-petition debt was delinquent income tax liabilities, owing to creditors that nonbankruptcy law had given statutory entitlements to penalties and interest, and enforcement remedies, that virtually no other creditor holds under our system.

modification required by § 1329. The Debtors' motion, then must be denied.

On his own motion for dismissal, the Trustee notes that the Debtors are several months beyond the longest period under which they could make payments under any modification proposal.[8] The Debtors' options for obtaining a discharge in the context of this case, then, are quite narrow. The Trustee has no objection to giving them a little more time to consider and exercise those options. It is appropriate to grant that.

IT IS THEREFORE ORDERED:

1.  The Debtors' motion for post-confirmation modification is denied.

2.  No later than *November 27, 1996,* the Debtors shall either:

    a.  pay the Trustee the sum of $1,124.17, or

    b.  serve and file a motion for hardship discharge under 11 U.S.C. § 1328(b).

If the Debtors elect the former, the Trustee's counsel shall immediately advise the Court by letter and shall perform the ministerial actions preliminary to a grant of discharge to the Debtors. If the Debtors fail to timely perform one or the other of these acts, the Court will enter an order dismissing this case under color of the Trustee's pending motion, without further notice or hearing.

---

8.  This is because 11 U.S.C. § 1329(c) provides: A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.