**In re Griselle Moya MARINO, Debtor.**

**No. 05–42393–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

July 26, 2006.

Order Clarifying Order In
Part Sept. 18, 2006.

Laila S. Gonzalez, Esq., Hialeah, FL, Counsel for Debtor.

Dennis J. LeVine, Esq., Dennis LeVine & Associates, P.A., Tampa, FL, Counsel for Americredit.

Nancy N. Herkert, Miramar, FL, Chapter 13 Trustee.

## ORDER OVERRULING OBJECTION TO DEBTOR'S MOTION TO MODIFY CONFIRMED PLAN

ROBERT A. MARK, Chief Judge.

The Court conducted a hearing on June 13, 2006, on the Amended Motion to Modify, Motion to Payoff and Motion to Reinstate Mortgage and Doral Isles Community Association ("Motion to Modify") (CP# 70). Among other things, the proposed First Modified Chapter 13 Plan (the "Modified Plan") (CP# 68) provides for surrender of the Debtor's 2005 Ford Expedition SUV which is subject to a secured claim of Americredit Financial Corporation ("Americredit").

Americredit objects to the modification since the confirmed plan provides for payment of a $25,000 secured claim, and the Modified Plan provides for surrender of the collateral and treatment of any deficiency as an unsecured claim.[1] *See* Americredit's Objection to Debtor's Motion to Modify (CP# 73) and its Memorandum in Support of Americredit's Objection to Debtor's Motion to Modify (CP# 77).

Americredit argues that 11 U.S.C. § 1329(a) does not expressly permit a Debtor to reclassify a previously allowed secured claim. If there is a deficiency after disposition of the collateral, Americredit argues that the deficiency must still be treated as secured and paid in full under the plan.

In a previous opinion, not published in the Bankruptcy Reporter, this Court addressed the issue of whether a Chapter 13 debtor may modify a confirmed plan by surrendering the collateral to satisfy the secured claim. *In re Arencibia*, Case No. 01–40647–BKC–RAM, 2003 WL 21004969 (Bankr.S.D.Fla.2003). In that opinion, the Court discussed and cited to the numerous reported decisions on both sides of this issue[2] and cited to the comprehensive analysis of the issue in Judge Lundin's bankruptcy treatise, Lundin, *Chapter 13 Bankruptcy* § 264.1 (3d. Ed.2000). This Court agreed with Judge Lundin's conclusion that § 1329 permits modification of a confirmed plan to surrender collateral to a secured claim holder and to treat the deficiency as an unsecured claim.

■ After reading cases decided after *Arencibia*, including the district court's lengthy analysis in *Bank One, NA v. Leuellen*, 322 B.R. 648 (S.D.Ind.2005) the Court reaffirms its prior conclusion. A Chapter 13 debtor's right to modify under § 1329 includes the right to surrender collateral to a creditor previously treated as secured under a confirmed plan. When the collateral is surrendered, the allowable secured claim under § 506(a) is the value of the collateral at the time of surrender,

---

1. Neither the Motion to Modify nor the Modified Plan expressly state that any deficiency upon sale of the collateral will be treated as an unsecured claim, but Debtor stipulated at the hearing that this was the intended treatment.

2. Cases cited in *Arencibia* denying modifications providing for surrender of collateral in satisfaction of secured claims included *In re*

*Nolan*, 232 F.3d 528 (6th Cir.2000); and *In re Coleman*, 231 B.R. 397 (Bankr.S.D.Ga.1999). Cases cited permitting surrender of collateral and plan modifications which treat the deficiency as an unsecured claim included *In re Frost*, 123 B.R. 254 (S.D.Ohio 1990); *In re Townley*, 256 B.R. 697 (Bankr.D.N.J.2000); and *In re Day*, 247 B.R. 898 (Bankr.M.D.Ga.2000).

and the secured claim is therefore satisfied by surrender. If the value at the time of surrender is less than the allowed secured claim under the previously confirmed plan, the balance may be treated and paid as an unsecured claim under the plan as modified.

■ As noted in *Arencibia*, the proposed modification under § 1329(a) must adhere to the requirements of § 1325, which includes § 1325(a)(3)'s good faith requirement. This will protect a creditor in situations in which the debtor's conduct has caused excessive depreciation. *See e.g., In re Butler*, 174 B.R. 44, 45 (Bankr. M.D.N.C.1994) (modification was not in good faith where the car lost most of its value in an accident and the debtor failed to maintain insurance). Therefore, this Order will overrule the Objection on the grounds stated, but reserve ruling on the Motion to Modify to consider any other issues, including whether the modification is proposed in good faith.

For the foregoing reasons, it is–

**ORDERED** as follows:

1. Americredit's Objection to Debtor's Motion to Modify is overruled to the extent it argues that surrender of the SUV to satisfy the secured claim is an impermissible plan modification under § 1329.

2. The Court reserves ruling on the Motion to Modify. The further hearing on the Motion to Modify will be conducted on *August 15, 2006*, at *10:00 a.m.*, at the U.S. Bankruptcy Court, 51 S.W. First Avenue, Courtroom 1406, Miami, Fla. 33130.

3. If Americredit believes the proposed modification does not satisfy the good faith requirement in 11 U.S.C. § 1325(a)(3), Americredit shall file a Supplemental Objection no later than *August 7, 2006*.

## ORDER GRANTING IN PART TRUSTEE'S MOTION FOR CLARIFICATION

The Court conducted a hearing on August 15, 2006, on the Trustee's Amended Motion for Clarification of Order Overruling Objection to Debtor's Motion to Modify Confirmed Plan (CP # 87) ("Motion for Clarification"). The Trustee seeks clarification of a portion of this Court's July 26, 2006 Order Overruling Objection to Debtor's Motion to Modify Confirmed Plan (the "July 26th Order") (CP # 82).

In its July 26th Order, the Court held that the Debtor could modify her confirmed Chapter 13 Plan by surrendering her vehicle to creditor, AmeriCredit Financial Corporation(AmeriCredit), to satisfy AmeriCredit's secured claim. The confirmed plan provided for payment of a $25,000 secured claim based upon a valuation of the Debtor's vehicle. The proposed modification provided for surrender of the vehicle in full satisfaction of the secured debt with any additional deficiency to be treated as an unsecured claim.

The Motion for Clarification does not seek reconsideration of the primary legal ruling. Rather, the Trustee objects to language in the July 26th Order which suggests that the deficiency (if the car is sold for less that the secured claim) can be added to the creditor's unsecured claim and paid under the plan without further Order.

Upon review of the record and further consideration of the applicable law, it is—

**ORDERED** that the Motion for Clarification is granted in part. If there is a deficiency after a creditor sells the surrendered collateral, the creditor must take action, most appropriately, by filing an amended proof of claim, for the deficiency to be treated as an unsecured claim under the plan.

In this case, that has been done. Specifically, after entry of the July 26th Order,

Americredit sold the vehicle for $20,000 and filed and Amended Proof of Claim. The Debtor announced at a further hearing in this case on September 12, 2006, that she had no objection to the Amended Claim and this Amended Claim will become the allowed unsecured claim under the modified plan (By separate Order, the Motion to Modify will be granted).