**In re Valaria Jean USSERY.**

No. 00–45346S.

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

April 12, 2001.

Raymond Weber, Weber & Associates, P.A., N. Little Rock, AR, for Debtor.

Joyce Bradley Babin, Little Rock, AR, U.S. Trustee.

## ORDER OVERRULING OBJECTION TO PLAN

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the objection to the debtor's chapter 13 plan, filed on March 9, 2001, and amended on March 22, 2001.

The debtor, disabled and raising three teenage children, purchased a 1999 Hyundai Elantra on October 8, 1999. On that same date, as required by the financing agreement with Hyundai, she purchased automobile insurance.[1] However, on December 4, 1999, she received notice that her insurance was cancelled. Two days later, her vehicle sustained nearly $5,000 of damage in an accident.

Nearly a year later, on November 21, 2000, the debtor filed a chapter 13 petition in bankruptcy. The chapter 13 plan proposed to surrender the vehicle and simply treat the obligation to Hyundai as a general unsecured debt. Hyundai objected to its treatment under the plan, asserting that since the debtor had no insurance on the date of the accident, she was obligated to be self-insured and, thus, was required to provide for payment of the fair market value of the vehicle. In addition, Hyundai asserts that the debtor's proposal was not made in good faith within the meaning of section 1325(a)(3) so that the plan cannot be confirmed. At the hearing on April 4, 2001, the parties presented a written stipulation of fact and the debtor briefly presented testimony.

■ Although it is unclear from the statements at the hearing whether Hyundai intended to pursue its argument that the debtor was self insured (or otherwise

required to be self insured) and therefore must provide for payment of the fair market value, that argument must, in any event, be rejected. Arkansas law requires every person operating a motor vehicle to ensure that the vehicle is covered by an insurance policy or a certificate of self-insurance, issued pursuant to Ark. Stat. § 27–19–107 (Mitchie Supp.1999). Ark. Stat. § 27–19–103, 104 (Mitchie Supp. 1999). In order to be self-insured, however, parties must demonstrate to the Arkansas Office of Driver Services that they are possessed of the ability to pay a damage judgment and will continue be possessed of that ability. It appears that only upon issuance of a certificate from that office does a person or entity become self-insured. The Court has located no authority which proposes that a driver's failure to comply with the statute and obtain insurance policy transforms a driver into a self-insurer. Accordingly, the objection is without merit.

■ Hyundai's second contention is that the plan proposal was not made in good faith because the loss in value to its collateral was solely the fault of the debtor in that she failed to maintain insurance. Section 1325(a)(3) requires that the plan be proposed "in good faith and not by any means forbidden by law." In determining whether a plan is proposed in good faith, the courts in this circuit apply a totality of the circumstances test, looking to numerous factors, including

- whether the debtor stated her debts and expenses accurately;
- whether the debtor has made any fraudulent misrepresentations to mislead the court;
- whether the debtor has unfairly manipulated the Bankruptcy Code;

---

**1.** Arkansas law also requires that a driver of a vehicle ensure that the vehicle is covered by

an insurance policy. *See* Ark. Stat. § 27–22–103 (Mitchie Supp.1999).

- the nature of the debt sought to be discharged;
- whether the debt would be dischargeable in a chapter 7 case;
- the debtor's prefiling conduct; and
- the debtor's motivation and sincerity in seeking chapter 13 relief.

*In re Banks*, 248 B.R. 799, 803–04 (8th Cir. BAP 2000). *See generally In re Love*, 957 F.2d 1350 (7th Cir.1992)(listing additional factors).

Applying these factors, the Court can discern no absence of good faith in either the contents of the plan, the schedules or the conduct of the debtor. There was no testimony or other evidence presented which indicates that her schedules may not be accurate or that she has in any manner mislead the court or any creditors. There is no evidence that the debtor has unfairly manipulated the Code or that a discharge in this case or a discharge in a chapter 7 case would offend either the strictures or policies of the Bankruptcy Code. The only fact which may be argued indicating any bad faith is that the debtor felt compelled to drive her vehicle after unexpectedly receiving notice of insurance cancellation and before she had an opportunity to obtain replacement insurance. The Court does not believe that this fact, standing alone, is sufficient to make a finding of bad faith which would preclude confirmation of the original plan.

Finally, the Court does not believe that the policies and standards underlying modification of the plan pursuant to section 1329 should be applied. *See, e.g., In re Nolan*, 232 F.3d 528 (6th Cir.2000); *In re Cooper*, 167 B.R. 889 (Bankr.E.D.Ark. 1994)(Scott, J.). In the instant case, the debtor's vehicle was wrecked nearly one year before the filing of the chapter 13 case, rather than after confirmation of a chapter 13 plan. While the parties' legal obligations were not altered by the initial wreckage of the vehicle, they were altered when the debtor filed her chapter 13 petition and proposed her plan. The fact that the vehicle's value was substantially diminished a year before the bankruptcy, albeit through the debtor's fault, does not alone render the plan a proposal made in bad faith. In the post confirmation context, in contrast, the parties obligations and relationship become fixed upon confirmation of the plan and the courts strictly apply the principles of section 1327 governing the effect of confirmation. Moreover, section 1329 limits the ability of the debtor to alter treatment of secured creditors after confirmation. *See generally In re Nolan*, 232 F.3d 528 (6th Cir.2000).

Having heard the debtor's testimony, reviewed the petition and schedules, and considered the stipulations and argument of counsel, it is

**ORDERED** that the objection to the debtor's chapter 13 plan, filed on March 9, 2001, and amended on March 22, 2001, is Overruled.

**IT IS SO ORDERED.**